# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**BRYAN D. PHILLIPS,**
**Claimant Below, Petitioner**

**FILED**

December 11, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 19-1054** (BOR Appeal No. 2054291)
           (Claim No. 2017016808)

**BLUEFIELD STATE COLLEGE,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Bryan D. Phillips, by Counsel Reginald D. Henry, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Bluefield State College, by Counsel H. Dill Battle III, filed a timely response.

The issue on appeal is the amount of permanent partial disability in the claim. On April 16, 2018, the claims administrator granted Mr. Phillips a 4% permanent partial disability award. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the claims administrator's Order in a decision dated May 31, 2019. This appeal arises from the Board of Review's Order dated October 18, 2019, in which the Board of Review affirmed the decision of the Office of Judges.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Phillips was injured on January 9, 2017, while employed as a janitor at Bluefield State College. He lost his footing on a ladder and fell, landing on his left elbow and hitting his right knee on something as he fell. He was evaluated and treated by Amy Fought, D.O., at MedExpress Bluefield on the date of injury. X-rays of his right knee showed no acute bone abnormality, pre-patellar soft tissue swelling/bursitis, and an eight millimeter enthesophyte off of the superior patella. An x-ray of his left humerus showed no acute bone abnormality. An x-ray of the left elbow was positive for joint effusion. An underlying occult fracture was not excluded. Dr. Fought's assessment was sprain of the left elbow, initial encounter and contusion of left [sic] knee, initial

encounter.[1] By Order dated January 12, 2017, the claims administrator ruled the claim compensable for left elbow and contusion to the knee.

Mr. Phillips was seen by Gary McCarthy, M.D., on January 20, 2017, as a referral from MedExpress for his left humerus and elbow and right knee injury. Dr. McCarthy performed a physical examination and diagnosed him as suffering from a tear of the left rotator cuff. Dr. McCarthy's examination findings of the right knee were normal, with no tenderness on soft tissue palpation, no crepitus or pain with motion, normal extension medial rotation and lateral rotation, and flexion at 90 degrees. Stability testing of the right knee showed no laxity, subluxation, or ligamentous instability. He ordered an MRI of Mr. Phillip's left shoulder.

On February 6, 2017, an MRI of the left shoulder revealed mild acromioclavicular arthrosis; mild edema present with trace fluid in the subacromial, subdeltoid bursa; and fluid in the glenohumeral joint within physiologic limits. The radiologist noted a high-grade tear involving the insertional aspect. By Order of the claims administrator dated May 10, 2017, a left shoulder arthroscopy was authorized for Mr. Phillips.

Mr. Phillips underwent left shoulder surgery on June 1, 2017. Dr. McCarthy performed left arthroscopy with debridement of the labrum and a repair of the rotator cuff. The post-operative diagnoses were torn labrum and partial rotator cuff tear. In a progress note dated June 26, 2017, Dr. McCarthy indicated that Mr. Phillips still exhibited mild swelling and moderate pain in his left upper extremity. Dr. McCarthy prescribed medication to address his symptoms. An MRI of his left shoulder taken on November 6, 2017, revealed a new partial subscapularis tendon tear.

Joseph E. Grady II, M.D., examined Mr. Phillips for an independent medical examination on March 22, 2018. Dr. Grady noted the compensable conditions in the claim as contusion of the left knee and sprain of the left elbow. At the time of examination, Mr. Phillips reported discomfort in his left shoulder with no symptoms from either his left elbow or left knee. Dr. Grady indicated that his left knee and left elbow sprains had resolved with no impairment for either his knee or his elbow. The claims administrator granted Mr. Phillips a 0% permanent partial disability award on March 29, 2018. Mr. Phillips did not protest the claims administrator's decision.

Dr. Grady prepared an addendum report dated April 3, 2018. After reviewing additional records, Dr. Grady noted Mr. Phillips had seen an orthopedic surgeon and no further invasive treatment was planned. Dr. Grady concluded that if no further treatment is pursued, he would be at maximum medical improvement. He provided an impairment rating regarding the left shoulder based upon his earlier examination of March 22, 2018. Dr. Grady estimated 4% whole person impairment for the left shoulder. On April 16, 2018, the claims administrator granted Mr. Phillips a 4% permanent partial disability award in accordance with Dr. Grady's addendum report findings.

---

[1] Dr. Fought's left knee diagnosis is obviously a typographical error as the right knee was the injured body part described elsewhere in her examination note and on Section II of the West Virginia Workers' Compensation Employees' and Physicians' Report of Occupational Injury completed by her.

A June 21, 2018, claims administrator Order provides a Notice of Secondary Conditions which were listed as the following: contusion of the left knee, initial encounter; other sprain of the left elbow, initial encounter and sprain of the left rotator cuff capsule sequela. The conditions were included as compensable diagnoses in the claim.

In an independent medical evaluation by Robert B. Walker, M.D., dated September 7, 2018, Dr. Walker indicated that at the time of examination, the left shoulder revealed flexion of 110 degrees, extension of twenty degrees, abduction of thirty degrees, adduction of seventy degrees, and rotation forty degrees internally and externally. His left elbow revealed 100 degrees flexion, full extension to zero degrees, pronation of thirty degrees and supination of twenty degrees. Dr. Walker estimated 17% whole person impairment for upper extremity and 8% impairment for the right knee, for a combined total of 24% whole person impairment.

By Corrected Order dated October 15, 2018, the claims administrator added right knee as a compensable component to the claim. The claims administrator's decision was issued to correct a formal order which noted the left knee was the compensable condition.

Prasadarao B. Mukkamala, M.D., examined Mr. Phillips and prepared an October 24, 2018, independent medical evaluation report. Dr. Mukkamala noted that Mr. Phillips reported that he was not working. He had pain and limitation of motion at the left shoulder, soreness at the left elbow, pain in the right knee, and giving out of the right knee. Although Mr. Phillips stated that he was able to carry out his activities of daily living with some difficulty, he indicated that his ability to perform housekeeping is limited. Upon examination, Dr. Mukkamala found limited upper extremity range of motion at the right shoulder and left shoulder. Range of motion of the right elbow, right wrist, and right hand was normal. Dr. Mukkamala's examination of the lower extremities showed right knee and left knee with full extension up to neutral and flexion of 115 degrees. Range of motion was otherwise good in both lower extremities. Dr. Mukkamala's diagnosis was sprain of the left elbow, status post arthroscopic labral debridement and rotator cuff repair for the left shoulder and contusion of the right knee. It was determined that Mr. Phillips had reached his maximum medical improvement. Dr. Mukkamala found right knee impairment for range of motion to be 0%. For the left shoulder and left elbow, Dr. Mukkamala found Mr. Phillips has 11% upper extremity impairment for loss of range of motion of the left shoulder and 4% for loss of range of motion of the right shoulder. After subtracting the 4% from the 11%, which left 7% upper extremity impairment, it converted to 4% whole person impairment for the left shoulder injury.

On May 31, 2019, the Office of Judges affirmed the April 16, 2018, Order of the claims administrator which granted Mr. Phillips a 4% permanent partial disability award. The Office of Judges determined that the record is relatively clear that Mr. Phillips's complaints involving his knee and elbow had resolved without substantial treatment being rendered to either body part. The independent medical evaluations of Drs. Grady and Mukkamala suggested that Mr. Phillips had sustained no ratable impairment for either of these compensable components. With regard to the left shoulder, the Office of Judges found that the range of motion studies provided by Dr. Walker are uncorroborated by the remainder of the record and the range of motion studies of Drs. Grady and Mukkamala. It was concluded that Mr. Phillips sustained 4% whole person impairment to his

left shoulder with no impairment to any other compensable component in the claim. On October 18, 2019, the Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed the May 31, 2019, decision.

After review, we agree with the decision of the Office of Judges, as affirmed by the Board of Review. The reliable evidence of record demonstrates that Mr. Phillips failed to meet his burden of proof because Dr. Walker's evidence is unreliable when compared to the impairment estimates prepared by Dr. Grady and Dr. Mukkamala. Dr. Walker's range of motion studies are uncorroborated by the medical record. Whereas, the range of motion studies of Drs. Grady and Mukkamala corroborated each other's opinion.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: December 11, 2020**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison